WMP/WCP:BDF
F.#2013R00726

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   - against -

CHANG HO LEE, M.D.,
MICHELLE LEE and
FRANCIS CHOI,
   also known as "Moo Young Choi,"

               Defendants.

- - - - - - - - - - - - - - - - -X

**I N D I C T M E N T**

**CR 13-0295**

(T. 18, U.S.C., §§ 371,
982(a)(7), 982(b), 1347,
1349, 1519, 2 and 3551
et seq.; T. 42, U.S.C.,
§ 1320a-7b(b)(2))

DEARIE, J.

THE GRAND JURY CHARGES:

POLLAK, M.J

INTRODUCTION

     At all times relevant to this Indictment, unless otherwise indicated:

I.  Background

    A.  The Medicare Program

     1.  The Medicare program ("Medicare") was a federal health care program providing benefits to persons who were over the age of 65 or disabled.  Medicare was administered by the Centers for Medicare and Medicaid Services ("CMS"), a federal agency under the United States Department of Health and Human Services.  Individuals who received benefits under Medicare were referred to as Medicare "beneficiaries."  Physicians who

1

provided services to beneficiaries or ordered that services be provided to beneficiaries were referred to as "rendering physicians."

2.    Medicare was a "health care benefit program," as defined by Title 18, United States Code, Section 24(b).

3.    Medicare included coverage under two primary components, hospital insurance ("Medicare Part A") and medical insurance ("Medicare Part B"). Medicare Part B covered the costs of physicians' services and outpatient care, including physical therapy, occupational therapy and diagnostic tests. Generally, Medicare Part B covered these costs only if, among other requirements, they were medically necessary, ordered by a physician and not induced by the payment of remuneration.

4.    Medical providers submitted a Medicare Enrollment Application ("Medicare Application") to Medicare to participate in Medicare and bill for claims. The Medicare Application required a provider to provide Medicare with information, such as insurance forms, Internal Revenue Service forms and corporate documents. In order to electronically receive funds from the Medicare program, providers also submitted Electronic Funds Transfer Authorization Agreements, which listed the bank account where Medicare would deposit reimbursements.

5.    Medical providers certified to participate in Medicare, whether clinics or individuals, were assigned a

2

provider identification number ("PIN") or provider transaction access number ("PTAN") for billing purposes. After a medical provider rendered a service, the provider was required to use its assigned PIN/PTAN when submitting a claim for reimbursement to Medicare.

      6.    Medical providers were authorized to submit claims to Medicare only for services they actually rendered and were required to maintain patient records verifying the provision of services. By submitting a claim, the provider certified, among other things, that the services were rendered to the patient and were medically necessary, and that the provider understood that payment of a claim was conditioned on compliance with, among other things, the federal anti-kickback statute.

      7.    Providers submitted to Medicare claims using billing codes, also called current procedural terminology or "CPT" codes, which were numbers referring to specific descriptions of the medical services provided to beneficiaries.

    B.   Relevant Entities and Persons

        (1)   The Medical Clinics and other Relevant Corporate Entities

      8.    URI Medical Service, PC ("URI"), also known as "Ya Mei," and Sarang Medical, PC ("Sarang"), also known as "888 Clinic" and "Anapa Clinic," were New York corporations doing

business in Flushing, New York.  URI and Sarang were medical
clinics certified to participate in the Medicare program and
each had its own PIN/PTAN.  URI and Sarang purported to provide,
among other things, physical therapy and electrical stimulation
treatment to Medicare beneficiaries and submitted claims to
Medicare for such services.

9.  Brooklyn Anti Aging Center Inc., also known as
999 Medical Clinic ("999 Clinic"), was a New York corporation
doing business in Brooklyn, New York.

10.  Chang Ho Lee Brooklyn Medical PC ("CHLBM") was a
New York corporation and operated out of the 999 Clinic in
Brooklyn, New York.  CHLBM was enrolled in the Medicare program
and had its own PIN/PTAN.  CHLBM purported to provide, among
other things, physical therapy and electrical stimulation
treatment to Medicare beneficiaries and submitted claims to
Medicare for such services.

11.  Doulcim, Inc. ("Doulcim") was a New York
corporation doing business in Flushing, NY.  Withbell Inc., also
known as Sysclear and MDSoft, Inc. ("Withbell"), was also a New
York corporation doing business in Flushing, Brooklyn and
Blauvelt, New York, and in Fort Lee, New Jersey.  Doulcim and
Withbell were billing companies that were authorized to submit,
and submitted and caused to be submitted, claims to Medicare on

4

behalf of URI, Sarang, 999 Clinic, CHLBM and the defendant CHANG
HO LEE.

(2)  The Defendants and Other Relevant Individuals

12.  The defendant CHANG HO LEE was the owner of CHLBM
and a physician certified to participate in Medicare under his
individual PIN/PTAN.  CHANG HO LEE purportedly treated Medicare
beneficiaries at URI, Sarang and 999 Clinic by providing, among
other things, office visits, physical therapy, lesion
destruction and electrical stimulation treatment.  The purported
medical services provided by CHANG HO LEE at URI and 999 Clinic
were billed though his personal PIN/PTAN and through the
PIN/PTAN assigned to CHLBM.  CHANG HO LEE was the sole signatory
of a bank account where Medicare paid claims submitted for
purported medical services rendered by CHANG HO LEE, and a co-
signatory of the CHLBM bank account where Medicare paid claims
submitted for purported medical services rendered by CHANG HO
LEE.

13.  The defendant MICHELLE LEE was an office manager
at URI, Sarang and 999 Clinic.  MICHELLE LEE was a co-signatory
of the CHLBM bank account where Medicare paid claims submitted
by or on behalf of CHLBM.

14.  The defendant FRANCIS CHOI, also known as "Moo
Young Choi," was a medical biller.  FRANCIS CHOI was the co-
owner of Doulcim and the owner of Withbell, and, through Doulcim

5

and Withbell, submitted and caused to be submitted claims to
Medicare on behalf of URI, Sarang, CHLBM and CHANG HO LEE.

15.  Elaine Kim was an office manager at URI and
Sarang and the co-owner of Doulcim.  Elaine Kim also was a co-
signatory of the URI bank account where Medicare paid claims
submitted by or on behalf of URI.

16.  Gilbert Kim was an office manager at Sarang.  He
was a co-signatory of URI's and Sarang's bank accounts where
Medicare paid claims submitted by or on behalf of URI and
Sarang.

II.  The Fraudulent Schemes

A.  The Health Care Fraud Scheme

17.  From approximately March 2007 through May 2012,
the defendants CHANG HO LEE, MICHELLE LEE and FRANCIS CHOI,
together with others, agreed to execute and executed a
fraudulent scheme in which they unlawfully enriched themselves
as follows:  (a) they artificially increased demand for medical
services by providing Medicare beneficiaries with free goods and
services such as massages, facials, lunches, gift cards and
recreational classes; and (b) submitted and caused to be
submitted claims to Medicare for medically unnecessary services
to beneficiaries, such as office visits, physical therapy,
lesion destruction and electrical stimulation treatment, which

were medically unnecessary, not provided and otherwise did not qualify for reimbursement by Medicare.

18.  The defendants CHANG HO LEE, MICHELLE LEE and FRANCIS CHOI, together with others, induced Medicare beneficiaries to attend URI, Sarang and 999 Clinic with the promise of free, non-medical inducements, such as: (i) massages and facials, (ii) recreational classes, such as dancing classes; (iii) social events, such as birthday parties, (iv) free lunch, (v) gift cards to grocery stores, (vi) and prizes.  Once the Medicare beneficiaries arrived at URI, Sarang and 999 Clinic, they were required to give their Medicare numbers to staff members and to see a doctor, regardless of medical need, in order to receive the free, non-medical inducements.

19.  The defendants CHANG HO LEE, MICHELLE LEE and FRANCIS CHOI, together with others, submitted and caused to be submitted to Medicare false and fraudulent claims for physical therapy where the physical therapy was induced by free goods and services, was not medically necessary and was not provided.  For example:

(a)  Physical therapists at URI, Sarang and 999 Clinic did not perform evaluations and did not perform physical therapy on Medicare beneficiaries.  Rather, beneficiaries were ushered to unlicensed massage therapists for massages, and fraudulent paperwork was completed purportedly reflecting that

7

actual physical therapy services had been provided to the beneficiaries by licensed physical therapists, when such services had not been provided.

(b) Medically unnecessary electrical stimulation treatments were ordered and performed on beneficiaries. In many instances, paperwork was prepared documenting that electrical stimulation treatments had been performed when, in fact, the treatments had not been administered.

(c) In numerous instances, contrary to Medicare guidelines, CHANG HO LEE had neither supervised the purported physical therapy nor been present when the physical therapy was purportedly performed on beneficiaries. For example, from approximately January 8, 2011 to January 22, 2011, from approximately September 13, 2011 to September 20, 2011, and from approximately April 21, 2012 to May 2, 2012, claims were submitted to Medicare for physical therapy services purportedly performed on Medicare beneficiaries, under CHANG HO LEE's supervision, when, in fact, CHANG HO LEE was outside the United States.

(d) Medicare beneficiaries who received physical therapy at URI, Sarang and 999 Clinic were required to see a doctor once per month, regardless of medical need, to continue to receive the free, non-medical goods and services. Despite being the purported supervisor, CHANG HO LEE did not consult

8

with physical therapists in connection with these follow-up
visits.

(e)  Fraudulent claims were submitted to Medicare
for purported lesion destruction procedures, when, in fact,
facials were provided to beneficiaries.

(f)  False and fraudulent claims were submitted
to Medicare on behalf of URI, Sarang, CHLBM and CHANG HO LEE and
on behalf of associated physicians for services purportedly
provided to, among others, the following specific Medicare
beneficiaries, whose identities are known to the Grand Jury:
K.C., Y.K., M.B.L., Y.R.X. and M.P.

20.  Between approximately March 2007 and October
2011, URI submitted approximately $7.2 million in claims to
Medicare.  Between February 2010 and October 2011, Sarang
submitted approximately $1.5 million in claims to Medicare.
Between January 2010 and October 2011, CHANG HO LEE submitted
approximately $3.2 million in claims to Medicare.  Between
August 2011 and May 2012, CHLBM submitted approximately $1.8
million in claims to Medicare.

B.   The Kickback Scheme

21.  From approximately March 2007 through May 2012,
the defendants CHANG HO LEE, MICHELLE LEE and FRANCIS CHOI,
together with others, agreed to engage in and engaged in a
fraudulent scheme to pay kickbacks to Elaine Kim and Gilbert

Kim, among others, for referring Medicare beneficiaries for the purpose of billing Medicare.

22. Upon receiving payment by Medicare for the false and fraudulent claims described above, the defendants CHANG HO LEE, MICHELLE LEE and FRANCIS CHOI, together with others, paid, and caused to be paid, a pre-determined percentage of the money from Medicare to, among others, Elaine Kim and Gilbert Kim.

23. To conceal the nature of these payments, the defendants CHANG HO LEE, MICHELLE LEE and FRANCIS CHOI, together with others, created and caused to be created fake invoices with fictional expenses described as "rent," "equipment and furniture," "management," "medical records and supplies," "repair and maintenance," "marketing," "telephone and cable," "supplies," "administration" and "management and operation."

C. The Obstruction Scheme

24. From approximately May 2009 through May 2012, the defendants CHANG HO LEE, MICHELLE LEE and FRANCIS CHOI, together with others, engaged in a fraudulent scheme to obstruct the functions of the Department of Health and Human Services ("HHS") by creating fake medical documents to conceal fraudulent claims submitted to Medicare that were induced by kickback, not medically necessary and not provided.

25. After a URI provider received a letter from Medicare in or about May 2009 asking for documentation

10

supporting medical services purportedly performed at URI and paid for by Medicare between October 1, 2008 and December 31, 2008, the defendant MICHELLE LEE, together with others, created fake medical documents in support of purported chiropractic services.  Those fake medical documents were then sent to Medicare in order to deceive Medicare and to obstruct the lawful function of HHS of ensuring that Medicare funds are used to compensate providers fairly for reasonable and medically necessary services.

26.  After a URI provider received letters from Medicare between August 2009 and August 2010 requesting documentation supporting medical services purportedly performed at URI, the defendants MICHELLE LEE and FRANCIS CHOI, together with others, created fake medical documents in support of purported chiropractic services.  Those fake medical documents were then sent to Medicare in order to deceive Medicare and to obstruct the lawful function of HHS of ensuring that Medicare funds are used to compensate providers fairly for reasonable and medically necessary services.

27.  On or about October 5, 2011, Medicare, through its authorized agents, made an unannounced visit of Sarang and requested medical records supporting claims submitted for physical therapy and other medical services purportedly provided to, among others, Medicare beneficiaries S.Y.Z. and H.Z.F, whose

identities are known to the Grand Jury. In response, the
defendant MICHELLE LEE falsely told the investigators that the
medical records could not be provided because the services were
performed at a different location. In fact, those medical
services were induced by kickback, not medically necessary and
never provided. After the visit, fraudulent medical documents
were created in support of false and fraudulent claims to
Medicare for those medical services and signed by the defendant
CHANG HO LEE. Those fraudulent medical documents were then sent
to Medicare in order to deceive Medicare and the Department of
Health and Human Services and to obstruct its lawful function of
ensuring that Medicare funds are used to compensate providers
fairly for reasonable and medically necessary services.

## COUNT ONE
(Conspiracy to Commit Health Care Fraud)

28. The allegations contained in paragraphs 1 through
27 are realleged and incorporated as if fully set forth in this
paragraph.

29. In or about and between March 2007 and May 2012,
both dates being approximate and inclusive, within the Eastern
District of New York and elsewhere, the defendants CHANG HO LEE,
MICHELLE LEE and FRANCIS CHOI, also known as "Moo Young Choi,"
together with others, did knowingly and willfully conspire to
execute a scheme and artifice to defraud Medicare, and to

12

obtain, by means of materially false and fraudulent pretenses,
representations and promises, money and property owned by, and
under the custody and control of, Medicare, in connection with
the delivery of and payment for health care benefits, items and
services, contrary to Title 18, United States Code, Section
1347.

(Title 18, United States Code, Sections 1349 and 3551
et seq.)

## COUNT TWO
(Conspiracy to Pay Health Care Kickbacks)

30.    The allegations contained in paragraphs 1 through
27 are realleged and incorporated as if fully set forth in this
paragraph.

31.    In or about and between March 2007 and May 2012,
both dates being approximate and inclusive, within the Eastern
District of New York and elsewhere, the defendants CHANG HO LEE,
MICHELLE LEE and FRANCIS CHOI, also known as "Moo Young Choi,"
together with others, did knowingly and willfully conspire to
offer and pay remuneration, specifically kickbacks, directly and
indirectly, overtly and covertly, to Elaine Kim and Gilbert Kim,
among others, by means of checks payable to URI Total Care
Management, Roesal Management and 99 Anti-Aging Management to
induce those persons (a) to refer Medicare beneficiaries to
CHANG HO LEE for the furnishing of and arranging for the

furnishing of items and services for which payment may be made
in whole and in part under Medicare, and (b) to purchase, lease,
order and arrange for and recommend purchasing, leasing and
ordering goods, facilities, services and items for which payment
may be made in whole and in part under Medicare, contrary to
Title 42, United States Code, Section 1320a-7b(b)(2).

32. In furtherance of the conspiracy and to effect
its objects, within the Eastern District of New York and
elsewhere, the defendants CHANG HO LEE, MICHELLE LEE and FRANCIS
CHOI, together with others, committed and caused to be
committed, among others, the following:

OVERT ACTS

(a) On or about June 1, 2010, check number 2969
was issued to "URI Total" in the amount of $27,086.20.

(b) On or about February 1, 2011, check number
3064 was issued to "Roesal Management of Flushing LLC" in the
amount of $17,550.27.

(c) On or about June 1, 2011, check number 3125
was issued to "99 Antiaging Mgmt LLC" in the amount of
$6,644.31.

(Title 18, United States Code, Sections 371 and 3551
et seq.)

14

COUNTS THREE THROUGH SEVEN
(Health Care Fraud)

33. The allegations contained in paragraphs 1 through 27 are realleged and incorporated as if fully set forth in this paragraph.

34. On or about the dates identified below, within the Eastern District of New York and elsewhere, the defendants identified below, together with others, did knowingly and willfully execute and attempt to execute a scheme and artifice to defraud Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations and promises, money and property owned by, and under the custody and control of, Medicare, in connection with the delivery of and payment for health care benefits, items and services, as set forth below:

| Count | Defendant(s) | Bene-ficiary | Approx Date of Service | Approx Date of Claim | Services Billed |
|-------|-------------|--------------|------------------------|----------------------|-----------------|
| THREE | FRANCIS CHOI | Y.R.X. | 6/9/2011 | 8/16/2011 | Lesion Destruction |
| FOUR | FRANCIS CHOI | Y.K. | 7/21/2011 | 8/23/2011 and 10/7/2011 | Lesion Destruction; Electrical Stimulation and other Physical Therapy |
| FIVE | CHANG HO LEE and FRANCIS CHOI | K.C. | 4/16/2010 | 5/18/2010 | Electrical Stimulation and other Physical Therapy |
| SIX | CHANG HO LEE and FRANCIS CHOI | Y.K. | 9/7/2011 | 9/19/2011 | Office Visit |

15

| Count | Defendant(s) | Bene-ficiary | Approx Date of Service | Approx Date of Claim | Services Billed |
|-------|--------------|--------------|------------------------|----------------------|-----------------|
| SEVEN | CHANG HO LEE and FRANCIS CHOI | M.P. | 3/02/2012 | 4/11/2012 | Electrical Stimulation |

(Title 18, United States Code, Sections 1347, 2 and 3551 et seq.)

### COUNTS EIGHT THROUGH TEN
(Paying Health Care Kickbacks)

35.  The allegations contained in paragraphs 1 through 27 are realleged and incorporated as though fully set forth in this paragraph

36.  On or about the dates identified below, within the Eastern District of New York and elsewhere, the defendant CHANG HO LEE, together with others, did knowingly and willfully offer and pay remuneration, specifically kickbacks, directly and indirectly, overtly and covertly, to Elaine Kim and Gilbert Kim, among others, by means of checks payable to URI Total Care Management, Roesal Management and 99 Anti-Aging Management, to induce those persons (a) to refer Medicare beneficiaries to CHANG HO LEE for the furnishing of and arranging for the furnishing of items and services for which payment might be made in whole and in part under Medicare, and (b) to purchase, lease, order and arrange for and recommend purchasing, leasing and ordering goods, facilities, services and items for which payment

might be made in whole and in part under Medicare, as set forth below:

| Count | Approx. Date of Kickback | Check Number | Check Amount |
|-------|--------------------------|--------------|--------------|
| EIGHT | 6/01/2010 | 2969 | $27,086.20 |
| NINE | 2/01/2011 | 3064 | $17,550.27 |
| TEN | 6/01/2011 | 3125 | $6,644.31 |

(Title 42, United States Code, Section 1320a-7b(b)(2); Title 18, United States Code, Sections 2 and 3551 et seq.)

COUNT ELEVEN
(Falsification of Records in Federal Investigation)

37.    The allegations contained in paragraphs 1 through 27 are realleged and incorporated as if fully set forth in this paragraph.

38.    In or about and between May 2009 and May 2012, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants CHANG HO LEE, MICHELLE LEE and FRANCIS CHOI, also known as "Moo Young Choi," together with others, did knowingly conceal, cover up, falsify and make false entries in a record, document and tangible object, specifically, records relating to the treatment of Medicare beneficiaries, with the intent to impede, obstruct and influence the investigation and proper administration of such matters and in relation to and contemplation of any such matter and case within the jurisdiction of a department and agency of

17

the United States, specifically, the Department of Health and Human Services.

(Title 18, United States Code, Sections 1519, 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

39. The United States hereby gives notice to the defendants charged in Counts One through Ten that, upon their conviction of any such offenses, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(7), which requires any person convicted of such offenses to forfeit any property, real and personal, which constitutes or is derived, directly or indirectly, from proceeds traceable to such offenses.

40. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third party;

(c)   has been placed beyond the jurisdiction of the court;

(d)   has been substantially diminished in value; or

18

       (e)   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b)(2), to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

       (Title 18, United States Code, Sections 982(a)(7) and 982(b))

A TRUE BILL

FOREPERSON

LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

FORM DBD-34

JUN. 85

*No._____   Action: _____*

# UNITED STATES DISTRICT COURT

### EASTERN *District of* NEW YORK

### CRIMINAL *Division*

## THE UNITED STATES OF AMERICA

*vs.*

***CHANG HO LEE, MICHELLE LEE,***
***FRANCIS CHOI also known as "MOO YOUNG CHOI"***

Defendants.

# INDICTMENT

(T. 18, U.S.C., §§ 371, 982(a)(7), 982(b),
1347, 1349, 1519, 2 and 3551 et seq.; T. 42, U.S.C., § 1320a-7b(b) (2))

*A true bill.*

_____
*Foreman*

*Filed in open court this _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ day,*

*of _ _ _ _ _ _ _ _ _ _ _ A.D. 20 _ _ _ _ _*

_____
*Clerk*

*Bail, $ _ _ _ _ _ _ _ _ _ _*

_____

***Bryan Fields, Trial Attorney, USDOJ, (202-436-5362)***